## JAMES HARMON *vs.* JAMES WRIGHT.

### Somerset, 1875.—July 3, 1876.

#### *Evidence.*

Where money was deposited by the plaintiff with the defendant; and the defendant's theory was that it was payable by him absolutely to one (of three selectmen) who had already signed a certain paper; and the plaintiff's theory was that it was only payable to the selectmen on condition that two at least of their number should sign it, otherwise the money to be returned; and two refused to sign; and the defendant upon notice thereof and demand refused to return the money, but, after suit brought, paid it to the one who signed, *held*, that, the defendant's liability, if any, accruing before the date of the receipt offered and excluded, he could not relieve himself therefrom

by showing that he paid the money in controversy to a third party after that time.

Where, in the same case, after suit brought, the selectman who signed the paper. paid the plaintiff $15 in consideration that he would carry out the original trade made with the selectmen, and took his receipt for the money, *held*, that the receipt, being *res inter alios* and by its terms not to affect this suit, was properly excluded.

ON EXCEPTIONS AND MOTION.

ASSUMPSIT, on the money counts.

"Also, for that the said defendant, at said Skowhegan, on the sixteenth day of March, A. D. 1874, in consideration that the said plaintiff would, and then and there did, pass into the hands of, and deposit with, the said defendant, the sum of thirty dollars, then and there promised the plaintiff to return and pay said sum of thirty dollars to him on demand, if neither V. R. Tuttle nor E. H. Elliott, or would upon request, as selectmen of Canaan, sign a certain agreement, in writing, of that date, given by George W. Johnson as one of the selectmen of said Canaan in behalf of said town, to the plaintiff; and which agreement, in writing, required the signature of another member of the board of selectmen of said Canaan in order that it might become binding on said town. And the plaintiff avers that he thereafterwards presented said agreement, in writing, to said V. R. Tuttle and E. H. Elliott, selectmen as aforesaid, and requested them to sign the same, which each of them, then and there, refused to do, and that he, said plaintiff, thereafterwards gave due notice of said refusal to the defendant, and demanded of him the return and payment of said sum of thirty dollars, which said defendant, then and there, refused to return and pay to the plaintiff according to his agreement aforesaid."

The defendants pleaded the general issue and filed an account in set-off.

The plaintiff testified in support of the facts stated in the declaration; and on cross-examination in substance that the town of Canaan sued him in Peter Martin's name on account of a land transaction in which Martin had conveyed land to the plaintiff; that he had negotiated with the selectmen for a settlement of that suit, and came to a verbal agreement that on the payment of $30

by him they would pay their costs and withdraw the suit, that in order to have the settlement binding, and to prevent the liability of another suit he had a paper drawn up for the selectmen to sign, that the paper was signed by one of their number, George W. Johnson, and witnessed by this defendant, whereupon he deposited the $30 with the defendant, to be paid over to the selectmen of Canaan, when another one of their number should sign the paper, and in case of their refusal, the money to be returned to him; that the other selectmen objected to the terms of the writing, refused to sign it; and that the defendant, on notification and request, refused to return the money.

The defendant also testified, substantially denying that when he received the money there was anything said about its being returned. He testified that the plaintiff afterwards demanded the $30 of him, and continued: "I asked him why; he said the selectmen won't sign it. I says, I cannot help that, I cannot pay you the money and subject myself to the liability of paying it twice. This money was put into my hands to pay to Johnson, I cannot pay it to you. Well, said he, you agreed to pay it back to me if the selectmen did not all sign that writing. I denied it, said I, there was no reason why I should, you know I was only acting as a matter of courtesy between you and the town. You did your own business and finally received the writing. Well, said he, if you won't pay back the money, give me a writing that if they won't sign within thirty or sixty days you will pay it back. I says, I shall not do that. You get an order from George Johnson and I will pay you the money upon the writing. Said he, if you won't do either of those things, I will sue you," etc.

The paper drawn up for the signatures of the selectmen and signed by Johnson was of the following tenor:

"SKOWHEGAN, March 16, 1874.

In consideration of $30 to us paid, and on payment of $25 note to Mary A. Lewis, by James Harmon, we, George Johnson, E. H. Elliott and V. R. Tuttle, acting as agents for the town of Canaan, do agree with said Harmon, to stop the suit and pay the costs commenced by Peter Martin against James Harmon, December, 1873, for consideration money claimed on land deeded to said

Harmon by Peter Martin, August 28, 1873, and to allow no more suits brought for same, in the interest of said town, and to save said James Harmon, harmless in every sense of the word, in consequence of accepting said deed, made August 28, 1873, and paying the consideration money claimed; that Peter Martin, his heirs or assigns, shall never be allowed to claim anything more, as consideration money for same.

Geo. W. Johnson, <span>}</span> *Selectmen of Canaan.*

*Witness* : J. WRIGHT."

The case states that "two papers were offered by the defendant and excluded by the court; the defendant objecting and reserving his legal rights. If the rulings were erroneous and injurious to the defendant, the verdict to be set aside." The papers offered and excluded were of the following tenor:

"Canaan, April 8, 1874. In consideration of fifteen dollars to me paid by George W. Johnson, of Canaan, I do hereby agree to fully and completely carry out the agreement made with the selectmen of said town of Canaan, at said town, on Saturday, the fourteenth day of March, 1874, in relation to the settlement of an action, *Peter Martin* v. *James Harmon*, commenced in December, 1873; and I do further agree to pay for all damage, costs and trouble that have arisen, or may arise, to said Johnson, or to the town of Canaan, in consequence of any failure on my part to carry out and fulfil my part of said agreement; and the above is not to affect the suit between James Wright, defendant, and myself (James Harmon.)

(Signed,)        James Harmon."

"Skowhegan, May 5, 1874. Received of James Wright, thirty dollars in full for money deposited in his hands by James Harmon for the town of Canaan by direction of George W. Johnson, March 16, 1874.

(Signed,)        George W. Johnson."

The verdict was for the plaintiff, and the defendant moved to have it set aside as against evidence, and alleged exceptions.

*J. Wright, pro se.*

*W. Folsom,* for the plaintiff.

DICKERSON, J.   The exclusion, by the presiding justice, of the receipt of May 5, 1874, and the paper dated April 8, 1874, was neither erroneous, nor injurious to the defendant.   The defendant's liability to the plaintiff, if any, accrued before the receipt was signed, and he could not discharge himself therefrom, by showing that he paid the money in controversy to one of the selectmen of the town of Canaan after that time.   Besides, the defendant was permitted to introduce parol evidence of the fact stated in the receipt, and could not have been prejudiced by the exclusion of the receipt itself.

The paper of April 8, 1874 was executed subsequently to the commencement of this suit, and by its terms was not to affect it. It was *res inter alios,* and could not be admitted without a violation of the intention of both the parties to it.

The principal question of fact in the case, whether the defendant agreed to pay the plaintiff back the thirty dollars in controversy in the event of a specified contingency which, the plaintiff claims, happened before the commencement of this suit, was submitted to the jury, and decided in favor of the plaintiff.   We have no doubt but it was competent for the defendant to bind himself by such agreement, and we do not feel at liberty to set aside the verdict as against the weight of evidence, since there is a preponderance of evidence in support of the verdict.   The defendant argues with considerable plausibility and force that the witnesses who corroborate the plaintiff's testimony are not entitled to credit, but the jury who saw and heard them thought otherwise, and we see no sufficient ground for disturbing their verdict.

*Exceptions and motion overruled.*

APPLETON, C. J., DANFORTH and VIRGIN, JJ., concurred.

BARROWS, J., concurred in the result.